**SCHNEBERG LAW PC**
Kyle P. Schneberg, SBN 239325
kyle@schneberglaw.com
318 Avenue I, Ste. 244
Redondo Beach, CA 90277
Phone: (310) 359-9090 | Fax: (310) 873-3039

**BOHRER & LUKEMAN**
Abram I. Bohrer (NY SBN 2447530, *pending pro hac application*)
abe@flightinjury.com
5 Columbus Circle, Suite 1501
New York, NY 10019
Phone: (212) 406-4232 | Fax: (212) 202-4440

Attorneys for Plaintiff, MISTY JOHNSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>NORWEGIAN AIR SHUTTLE ASA, and DOES 1 through 10,<br><br>    Defendant. | **CASE NO.: 8:19-cv-02488**<br><br>**COMPLAINT FOR DAMAGES FOR NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, MISTY JOHNSON, by her attorneys, SCHNEBERG LAW PC and BOHRER & LUKEMAN (*pending pro hac application*), as and for her Complaint against Defendant, NORWEGIAN AIR SHUTTLE ASA, alleges the following upon information and belief:

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter "the Montreal Convention").

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, insofar as the Defendant, NORWEGIAN AIR SHUTTLE ASA (hereinafter "NORWEGIAN") and DOES 1

through 10, have their offices and transacts business in the Central District of California.

3. Venue is further proper insofar as the contract of carriage which forms the basis of Plaintiff's Complaint provided for Plaintiff's travel aboard Defendant's airline that originated and terminated within the judicial district.

4. Plaintiff, MISTY JOHNSON ("Plaintiff") resides now and at all relevant times to this Complaint within the boundaries of this judicial district at 7292 La Mancha Circle, Huntington Beach California.

5. Defendant NORWEGIAN is a foreign corporation incorporated under the laws of Norway and is registered to do business as such in the State of California. The true names and capacities of Defendants sued as DOES 1 through 10, inclusive, are presently unknown to Plaintiff. Plaintiff is informed and believes and thereon alleges that each such Defendant is in some way responsible and liable for the events or happenings alleged in this Complaint. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

6. At the time of the events complained of herein, Defendant transacted business as a commercial airline, and as such, was a common carrier engaged in the business of transporting passengers for hire by air.

7. In furtherance of said business, at the time of the events complained of herein, and currently, Defendant operated regularly scheduled commercial airline flights to and from Los Angeles International Airport (LAX) located within the boundaries of this judicial district.

8. Plaintiff's contract of carriage upon which Plaintiff was traveling when the basis for this cause of action arose ("the contract of carriage") was purchased, originated in and concluded in the United States of America, and more specifically, within the judicial boundaries of the Central District of California.

9. On or about February 26, 2018, Defendant operated and controlled a certain jet aircraft ("the subject aircraft") designated as Norwegian Flight 7113 from Rome, Italy (FCO) to Los Angeles International Airport (LAX) ("the subject flight").

10. On or about February 26, 2018, Plaintiff MISTY JOHNSON was a fare-paying passenger lawfully aboard the subject aircraft and subject flight.

11. On or about February 26, 2018, and for some time prior thereto, Defendant owned, serviced, maintained, repaired and/or operated the subject aircraft.

12. It was Defendant's responsibility to ensure the safety of its passengers and in particular, that the subject aircraft's floor was free from foreign substances or liquids which could cause the subject aircraft to become slippery and/or dangerous and thus pose a risk of harm to its passengers.

13. That on February 26, 2018 while the aircraft was still stationed at Rome FCO Airport, and for a sufficient period beforehand, the floor of the subject aircraft aboard Norwegian Flight Turkish Airlines Flight 0097 had become wet and dangerous due to snow and ice that was "tracked in" from outside the aircraft.

14. That on February 26, 2018, and for a sufficient period beforehand, Defendant negligently, carelessly, and/or recklessly caused, permitted, and/or allowed the floors of the passenger cabin of the subject aircraft to become and remain in a wet and dangerous condition.

15. On February 26, 2018, while aboard the subject flight, Plaintiff fell and was injured.

16. On February 26, 2018, Plaintiff slipped and fell as a result of the aforesaid wet and dangerous condition.

17. On February 26, 2018, Plaintiff fell and was injured as the result of an accident, namely, an unexpected or unusual event or occurrence external to the Plaintiff, and not from the Plaintiff's internal reaction to the ordinary operation of the aircraft.

18. Said accident occurred due to the negligence, carelessness and/or recklessness of Defendant, its agents, employees, servants, and/or contractors.

19. As a result of said accident, Plaintiff MISTY JOHNSON was injured.

20. As a result of said accident, Plaintiff MISTY JOHNSON was seriously injured.

21. As a result of said accident, Plaintiff MISTY JOHNSON was permanently injured.

22. As a result of said accident, Plaintiff MISTY JOHNSON has suffered severe pain, agony, and mental anguish and in the future will continue to suffer from same.

23. As a result of said accident, Plaintiff MISTY JOHNSON suffered economic loss and in the future shall continue to suffer from same.

24. As a result of said accident, Plaintiff MISTY JOHNSON was deprived of her enjoyment of life, pursuits and interests and verily believes that in the future she will continue to be deprived of same.

25. As a result of the foregoing, Defendant is liable to pay full, fair and reasonable damages to Plaintiff MISTY JOHNSON pursuant to the Montreal Convention.

26. Defendant cannot meet its burden of proving that its negligence did not cause or contribute to the accident, and to Plaintiff's resultant injuries.

27. Defendant cannot meet its burden of proving that Plaintiff's injuries were caused solely by the acts of third parties.

28. The total amount of Plaintiff Ramon Cerrillos' damages are presently unknown but is reasonably believed to be in excess of the minimum jurisdictional limit of this Court.

29. Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff, MISTY JOHNSON, demands judgment against Defendant, NORWEGIAN AIR SHUTTLE ASA as follows:

1. For an award of her general, special, actual and compensatory damages as proven at time of trial, with interest thereon according to law;
2. For lost earnings and earning capacity, past and future, according to proof;
3. For an award of the costs incurred by her in maintaining this action; as well as
4. For such other and further relief which this Court deems just and proper.

DATED:   December 26, 2019         **SCHNEBERG LAW PC**
                                   **BOHRER & LUKEMAN**


                                   KYLE P. SCHNEBERG,
                                   Attorney for Plaintiff